1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BETTY HANSEN,                           CASE NO. CV F 08-01697 LJO WMW HC

12                    Petitioner,              **ORDER REQUIRING RESPONDENT TO**
                                               **FILE CALIFORNIA COURT OF APPEAL**
13        vs.                                  **OPINION**

14    TINA HORNBEAK,

15                    Respondent.

16    _____/

17
              On October 22, 2008, Betty Hansen ("Petitioner"), a *pro se* California prisoner, filed a Petition
18
      for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in
19
      this Court[1] challenging the denial of parole in 2007, amongst other claims.  On March 17, 2009, Tina
20
      Hornbeak ("Respondent") filed an Answer to the Petition.  On April 3, 2009, Petitioner filed a Traverse
21
      to the Answer.
22
              Rule 5(d)(3) of the Rules Governing Section 2254 Cases in the United States District Courts
23
      states that the "respondent must also file with the answer a copy of . . . the opinions and dispositive
24
      orders of the appellate court relating to the conviction or the sentence."  28 U.S.C. § 2254 R. 5(d)(3).
25

26    _____

27         [1]      At the time of filing the Petition, Petitioner was incarcerated at Valley State Prison for Women in
      Chowchilla, California. (Pet. 1.) Chowchilla is in Madera County, located within the jurisdictional boundaries of the United
28    States District Court for the Eastern District of California.  28 U.S.C. § 84(b).  The Petition is properly filed in this Court,
      located in the district that Petitioner was in custody at the time of filing the Petition. *See* 28 U.S.C. § 2241(d).

1  Here, although Petitioner is not challenging her conviction or sentence, the facts utilized by the parole

2  board in denying parole were "incorporate[d] by reference [to] the facts of the crime as set forth in the

3  Court of Appeals, State of California, Fifth Appellate District document." (Pet. 28; *see also id.* 125.)[2]

4  It appears that the parole board did not read into the record the facts incorporated by reference. In

5  addition, neither Respondent nor Petitioner included the California Court of Appeal opinion on direct

6  review in their briefing.

## ORDER

8      Accordingly, to assist the Court in ruling on the Petition, and for the foregoing reasons,

9  Respondent is **ORDERED** to provide the California Court of Appeal opinion that was incorporated by

10 reference at the 2007 parole board hearing within **fourteen (14) days** of the date this Order is filed. *See*

11 28 U.S.C. § 2254 R. 5(d)(3).

12     Failure of Respondent to comply with this Order may be grounds for the imposition of sanctions

13 on Respondent. *See* L.R. 11-110.

14

15 IT IS SO ORDERED.

16 **Dated:    April 30, 2009**                        /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28    [2]       For ease of reference, the Court utilizes the CM/ECF pagination from the Petition.