UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BETTY HANSEN, | ) | 1:08-CV-01697 LJO JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |
| v. | ) | |
| | ) | |
| TINA HORNBEAK, | ) | |
| | ) | |
| Respondent. | ) | |

Betty Hansen ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 7, 2010, the Court denied the petition for writ of habeas corpus. The Court further found that a certificate of appealability was not required to proceed on appeal to the United States Court of Appeals for the Ninth Circuit

On March 9, 2010, Petitioner appealed the Court's decision to the Ninth Circuit. On May 18, 2010, pursuant to new Ninth Circuit authority,[1] the case was remanded to the district court for the limited purpose of granting or denying a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a

---

[1] *Hayward v. Marshall*, __ F.3d __, 2010 WL 1664977, * 3-5 (9th Cir. 2010) (en banc). As noted in the Ninth Circuit's order remanding this case to the district court, the *Hayward* decision overruled previous Ninth Circuit authority that relieved a prisoner from obtaining a certificate of appealability where the prisoner was challenging the denial of parole.

1   certificate of appealability "if jurists of reason could disagree with the district court's resolution of
2   his constitutional claims or that jurists could conclude the issues presented are adequate to deserve
3   encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473,
4   484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate
5   "something more than the absence of frivolity or the existence of mere good faith on his . . . part."
6   *Miller-El*, 123 S.Ct. at 1040.

7   Here, the Court finds that reasonable jurists would not disagree with the Court's denial of
8   Petitioner's claim.  As enunciated by the Ninth Circuit, the current standard for courts in this circuit
9   is "whether the California judicial decision approving the governor's decision rejecting parole was
10  an "unreasonable application" of the California "some evidence" requirement, or was "based on an
11  unreasonable determination of the facts in light of the evidence." *Hayward*, 2010 WL 1664977 at
12  *11 (quoting 28 U.S.C. § 2254(d)(1) and (2)).  As explained in the Magistrate Judge's Findings and
13  in this Court's order adopting the Findings, the some evidence standard is minimal and assured only
14  that the record is not so devoid of evidence that the denial of parole was arbitrary.  *See Sass v.*
15  *California Board of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006).  Here, Petitioner's denial
16  was based on a lack of insight into the commitment offense as Petitioner continued to insist the
17  crime was an accident despite having shot the victim eight times.  Additionally, the psychological
18  report noted Petitioner lacked insight into the crime.  Thus, the facts of Petitioner's case would lead a
19  reasonable jurist to find that there was at the minimum some evidence that Petitioner was currently
20  dangerous.  *See In re Shaputis*, 44 Cal.4th 1241, 1261 (Cal. 2008) (finding that the gravity of the
21  commitment offense and Petitioner's lack of insight and failure to take responsibility was sufficient
22  to meet the some evidence standard).  Consequently, the Court finds that reasonable jurists would
23  not disagree with the finding that there was some evidence in Petitioner's case of her current
24  dangerousness.

25  Accordingly, the Court DECLINES to issue a certificate of appealability in Petitioner's case.

27  IT IS SO ORDERED.

28  **Dated:     May 27, 2010                        /s/ Lawrence J. O'Neill**

1 UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28